UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUL LYNN DUPREE, #194248,

        Petitioner,

                                  CASE NO. 2:16-CV-12821
v.                                  HON. GEORGE CARAM STEEH

LORI GIDLEY,

        Respondent.
_____/

**<u>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, FOR EQUITABLE TOLLING, AND TO EXPAND THE RECORD, HOLD AN EVIDENTIARY HEARING, CONDUCT DISCOVERY, AND PROCEED UNDER 28 U.S.C. 2254(e)</u>**

      Michigan prisoner Yul Lynn Dupree ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of a legal writer challenging his state criminal proceedings. The petitioner was convicted of first-degree home invasion following a jury trial in the Wayne County Circuit Court and was sentenced as a fourth habitual offender to 8 years 4 months to 20 years imprisonment in 2011. This matter is before the Court on the petitioner's motions for appointment of counsel, for equitable tolling, and to expand the record, hold an evidentiary hearing, conduct discovery, and proceed under 28 U.S.C. § 2254(e).

      In support of his motion for appointment of counsel, the petitioner alleges that the issues in this case are complex, that his litigation abilities are hampered by his confinement, that he has limited law library access, that he has limited legal knowledge, and that he is financially unable to retain legal counsel. A petitioner has no absolute right to be represented by counsel on federal habeas corpus review. <u>Abdur-Rahman v.</u>

Michigan Dept. of Corrections, 65 F.3d 489, 492 (6th Cir. 1995); see also Wright v. West, 505 U.S. 277, 293 (1992) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting United States v. Madden, 352 F.2d 792, 793 (9th Cir. 1965)).

    The petitioner has submitted pleadings in support of his habeas claims, but the respondent has not yet filed an answer to the petition or the state court record. Based upon a preliminary review of the petition, the Court finds that neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); Rule 6(a) and 8(c); 28 U.S.C. foll. § 2254. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion for appointment of counsel. The Court will bear in mind the petitioner's request if, following receipt of the answer and state court record, the Court finds that appointment of counsel is necessary. The petitioner need not file another motion regarding this issue.

    The petitioner also moves for equitable tolling of the one-year statute of limitations applicable to federal habeas actions. See 28 U.S.C. § 2244(d). The petitioner's request is premature and/or unnecessary. The respondent has not moved to dismiss this case on timeliness grounds and the habeas petition itself does not indicate that the one-year limitations period poses a concern. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion for equitable tolling. Should the

respondent contend that the petition is untimely, the Court shall consider the petitioner's equitable tolling arguments. The petitioner need not file another additional motion.

Lastly, the petitioner seeks to expand the record, hold an evidentiary hearing, conduct discovery, and proceed under 28 U.S.C. § 2254(e) alleging that he did not receive an adequate review in the state courts. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition at the time the answer is filed. See Rule 5, 28 U.S.C. foll. § 2254. The Court may also require that the record be expanded to include additional materials relevant to the determination of the habeas petition. See Rule 7, 28 U.S.C. foll. § 2254. With regard to an evidentiary hearing, Rule 8 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8, 28 U.S.C. foll. § 2254. As to discovery, a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). A federal habeas court may authorize a party to conduct discovery upon a showing of good cause. See Rule 6(a), 28 U.S.C. foll. § 2254. Under the federal habeas statute, facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts

underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty.  See 28 U.S.C. § 2254(e)(2).

Given that the respondent has not yet filed an answer to the petition or the state court record, the petitioner's request to expand the record, hold an evidentiary hearing, conduct discovery, and/or proceed under 28 U.S.C. § 2254(e) is premature. Additionally, the Court notes that federal habeas review is generally limited to the record that was before the state court.  See Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (ruling that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits").  Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion to expand the record, hold an evidentiary hearing, conduct discovery, and/or proceed under 28 U.S.C. § 2254(e).  The Court will keep the petitioner's request in mind should further development of the record be necessary for the proper resolution of this case.  The petitioner need not file another request as to this issue.

**IT IS SO ORDERED**.

Dated:  August 16, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2016, by electronic and/or ordinary mail and also on Yul Dupree #194248, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk

---