UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUL DUPREE,

        Petitioner,

v.                          CASE NO. 2:16-CV-12821
                          HON. GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE
LORI GIDLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR
RECONSIDERATION AND DIRECTING THE CLERK OF THE COURT
TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY
(Dkt. # 22) AND THE APPLICATION TO PROCEED WITHOUT
PREPAYING FEES OR COSTS ON APPEAL (Dkt. # 20) TO THE
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

    Yul Lynn Dupree, ("petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for first-degree home invasion, M.C.L. § 750.110a(2). This Court denied the petition with prejudice and declined to issue a certificate of appealability or to grant leave to appeal *in forma pauperis*. Petitioner filed a notice of appeal on April 30, 2018. Petitioner also filed a motion for a certificate of appealability and an application to proceed without prepayment of fees and costs on appeal, which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny petitioner a certificate of appealability or leave to appeal *in forma pauperis*.

-1-

For the reasons that follow, the Court will deny petitioner's motion for reconsideration. The Court will further order that petitioner's motion for a certificate of appealability and the application to proceed without prepayment of fees and costs to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will deny plaintiff's motion for reconsideration. U.S. Dist. Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F.3d 1290, 1294, n. 5 (11th Cir. 2006). Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis* when it denied the

petition for writ of habeas corpus, the Court will construe petitioner's application to proceed without prepayment of fees and costs on appeal as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis* in this case. *See Pettigrew v. Rapelje,* No. 2008 WL 4186271, *1 (E.D. Mich. Sept. 10, 2008).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for a writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's motion to proceed *in forma pauperis* on appeal to the Sixth Circuit. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's application to proceed without prepayment of fees and costs on appeal would be more appropriately addressed to the Sixth Circuit.

**IT IS HEREBY ORDERED** that petitioner's motion for a reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Certificate of Appealability" [Dkt. # 22] and the "Application to Proceed Without Prepaying Fees or Costs on Appeal [Dkt. # 20] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: July 12, 2018

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 12, 2018, by electronic and/or ordinary mail and also on Yul Dupree #194248, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk